IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **OHVA, Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**AnywhereCommerce Inc.,**<br><br>Defendant. | Case No. 6:20-cv-1191<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff OHVA, Inc. ("Plaintiff"), through its attorneys, complains of AnywhereCommerce Inc. ("Defendant"), and alleges the following:

**PARTIES**

1. Plaintiff OHVA, Inc. is a corporation organized and existing under the laws of California that maintains its principal place of business at 3 Hangar Way, Suite D, Watsonville, CA 95076.

2. Defendant AnywhereCommerce Inc. is a corporation organized and existing under the laws of Canada that maintains an established place of business at 376 Avenue Victoria Bureau 418, Westmount, QC H3Z 2N4, Canada.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District.

## PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 9,679,286 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '286 PATENT

8. The '286 Patent is entitled "Methods and Apparatus for Enabling Secure Network-Based Transactions.," and issued 06/13/2017. The application leading to the '286 Patent was filed on 03/03/2015. A true and correct copy of the '286 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '286 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '286 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '286 Patent in at least this District by making, using, offering to sell,

selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '286 Patent also identified in the charts incorporated into this Count below (the "Exemplary '286 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '286 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '286 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. **Actual Knowledge of Infringement**. In a prior lawsuit, the filing of the complaint and corresponding claim chart on February 13, 2020 against Defendant's subsidiary imparted actual knowledge of its infringement upon Defendant. *See OHVA, Inc. v. AnywhereCommerce Services LLC*, Case No. 1:20-cv-00214 (D. of Delaware).

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '286 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '286 Patent. *See* Exhibit 2 (described below).

15. **Induced Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '286 Patent, literally or by

the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '286 Patent.

16.     **Contributory Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '286 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '286 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '286 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '286 Patent.

17.     Exhibit 2 includes charts comparing the Exemplary '286 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '286 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '286 Patent Claims.

18.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

19.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

20.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '286 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly, contributorily, and/or induced infringement of one or more claims of the '286 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '286 Patent.

E. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants continuing or future infringement, up until the date such judgment is entered with respect to the '286 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

F. And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: December 29, 2020          Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
**Rabicoff Law LLC**
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**OHVA, Inc.**